IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| RANDAL L. LESPAGNARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:17-cv-00851-ODS |
| | ) | |
| NPC INTERNATIONAL, INC., d/b/a | ) | |
| PIZZA HUT #4706, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT NPC INTERNATIONAL, INC.'S
ANSWER TO PLAINTIFF'S PETITION FOR DAMAGES**

COMES NOW, Defendant NPC International, Inc. (hereinafter referred to as "NPC"), by and through its attorneys of record, and for its Answer to Plaintiff's Petition for Damages, subscribes and states as follows:

1. Answering the allegations contained in paragraph 1 of Plaintiff's Petition for Damages, NPC is without knowledge and information sufficient to form an opinion as to the truth of the allegations and therefore denies the same.

2. NPC admits the allegations contained in paragraph 2.

3. NPC denies the allegations contained in paragraph 3.

4. NPC admits the allegations contained in paragraph 4.

5. NPC admits that it had sole possession and control of the premises of the aforementioned property as alleged by Plaintiff in paragraph 5. NPC objects to the remaining allegations contained in paragraph 5 as they call for legal conclusions with regard to Plaintiff's legal

status within the restaurant. To the extent that such allegations are deemed by this Court to not call for a legal conclusion, or Defendant's objections are in any way overruled, the allegations are denied.

6. NPC admits the allegations contained in paragraph 6.

7. NPC admits that the Pizza Hut store alleged in Plaintiff's Petition for Damages had sole possession and control of the premises of the aforementioned property as alleged by Plaintiff in paragraph 5. NPC objects to the remaining allegations contained in paragraph 5 as they call for legal conclusions with regard to Plaintiff's legal status within the restaurant. To the extent that such allegations are deemed by this Court to not call for a legal conclusion, or Defendant's objections are in any way overruled, the allegations are denied.

8. Answering the allegations contained in paragraph 8 of Plaintiff' Petition for Damages, NPC is without knowledge and information sufficient to form an opinion as to the truth of the allegations and therefore denies the same.

9. NPC denies the allegations contained in paragraph 9.

10. Answering the allegations contained in paragraph 10 of Plaintiff's Petition for Damages, NPC is without knowledge and information sufficient to form an opinion as to the truth of the allegations and therefore denies the same.

11. Answering the allegations contained in paragraph 11 of Plaintiff's Petition for Damages, NPC is without knowledge and information sufficient to form an opinion as to the truth of the allegations and therefore denies the same.

12. Answering the allegations contained in paragraph 12 of Plaintiff's Petition for Damages, NPC is without knowledge and information sufficient to form an opinion as to the truth of the allegations and therefore denies the same.

13. Answering the allegations contained in paragraph 13 of Plaintiff's Petition for Damages, NPC is without knowledge and information sufficient to form an opinion as to the truth of the allegations and therefore denies the same.

14. Answering the allegations contained in paragraph 14 of Plaintiff's Petition for Damages, NPC is without knowledge and information sufficient to form an opinion as to the truth of the allegations and therefore denies the same.

15. Answering the allegations contained in paragraph 15 of Plaintiff's Petition for Damages, NPC is without knowledge and information sufficient to form an opinion as to the truth of the allegations and therefore denies the same.

16. NPC denies the allegations contained in paragraph 16.

17. NPC denies the allegations contained in paragraph 17.

18. NPC denies the allegations contained in paragraph 18.

19. NPC denies the allegations contained in paragraph 19.

## COUNT I
## Plaintiff v. Defendant
## (Negligence)

20. For its answer to paragraph 20 of Plaintiff's Petition for Damages, NPC reaffirms and incorporates each and every allegation, matter, averment, denial or affirmative defense as made or contained in its answer to paragraphs 1-19 of Plaintiff's Petition for Damages, and each of them, as though fully set forth herein.

21. NPC denies the allegations contained in paragraph 21, including sub-paragraphs (a) through (e) and each of them.

22. NPC denies the allegations contained in paragraph 22, including sub-paragraphs (a) through (s) and each of them.

## COUNT II
## Plaintiff v. Defendant
## (Negligent Hiring, Supervision or Maintenance, Promulgation)

23. For its answer to paragraph 23 of Plaintiff's Petition for Damages, NPC reaffirms and incorporates each and every allegation, matter, averment, denial or affirmative defense as made or contained in its answer to paragraphs 1-22 of Plaintiff's Petition for Damages, and each of them, as though fully set forth herein.

24. NPC objects to the remaining allegations contained in paragraph 24 as they call for legal conclusions with regard to Plaintiff's legal status within the restaurant. To the extent that such allegations are deemed by this Court to not call for a legal conclusion, or Defendant's objections are in any way overruled, the allegations are denied.

25. NPC denies the allegations contained in paragraph 25.

26. NPC denies all of the allegations contained in paragraph 26, including sub-paragraphs (a) through (h) and each of them.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Petition for Damages fails to state a claim upon which relief can be granted and does not state sufficient facts to constitute a cause of action against this Defendant.

2. Plaintiff's damages, if any, are limited by the applicable laws of the State of Missouri with respect to comparative fault, negligence, and contribution of Plaintiff and other parties besides Defendant.

3. The incident and injuries complained of by Plaintiff, which are denied by this Defendant, were caused by a person or persons, including Plaintiff, and during circumstances over which this Defendant had no knowledge or control, in a manner not intended or reasonably anticipated, and that by reason thereof Plaintiff is not entitled to recover herein against this Defendant.

4. The acts and injuries complained of herein by Plaintiff, if any, were caused by the independent intervening and supervening actions or inactions of persons and parties, including Plaintiff, and others over whom this Defendant exercised no control, for which this Defendant had no duty to prevent, and which does not create liability to this Defendant.

5. The Defendant denies any fault, negligence, duty, proximate cause, Plaintiff's damages and liability of any kind to either Plaintiff, or any party, relating to the allegations and claims of Plaintiff or any party. However, in the event that this Defendant is ever found to be liable to any extent or for any reason, this Defendant's negligence or liability must be compared, under Missouri law, to the negligence and liability of Plaintiff and any other parties or persons such that the negligence and liability of this Defendant be reduced or barred. Further, if this Defendant is held jointly liable with any other parties, it prays that a determination be made of the relative distribution of fault with appointment of responsibility for the payment of damages that may be awarded shall be made and a determination of the right of contribution and indemnity between this Defendant and any other party at the time of submission of this case, all in conformity with Missouri law.

6. Any damages caused to Plaintiff were not caused by any act or omission on the part of this Defendant or its employees and/or agents.

7. Any damages caused to Plaintiff were caused by an open and obvious condition of the property such that Plaintiff should have taken proper precautions to avoid injury and therefore serve as a bar to recovery by Plaintiff.

8. Plaintiff assumed the risk of the circumstances surrounding his alleged injuries.

9. Defendant was not legally responsible because any alleged injuries suffered by Plaintiff were caused by conditions and circumstances either not known to Defendant, or not reasonably capable of being known by Defendant.

10. Plaintiff has waived his right to recovery in this matter by virtue of a written or oral contract.

11. Defendant states that it reserves the right to amend its answer to Plaintiff's Petition for Damages and to plead such affirmative defenses as are disclosed by further investigation and discovery.

WHEREFORE, having fully answered, Defendant NPC International, Inc. demands judgment against Plaintiff and prays that the Plaintiff's Petition for Damages be denied and dismissed, that Plaintiff goes hence at his costs, and for such other and further relief as to the Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Defendant NPC International, Inc., hereby demands a trial by jury of all issues herein.

SLAGLE, BERNARD & GORMAN, P.C.

s/Shane C. Hamman
Stanley N. Wilkins    #28221
Stephen P. Horn       #34665
Shane C. Hamman      #62341
4600 Madison Avenue, Suite 600
Kansas City, MO 64112-3012
(816) 410-4600; Fax (816) 561-4498
swilkins@sbg-law.com
Attorneys for Defendant
NPC International, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2017, I electronically filed the foregoing with the clerk of the court by using the CM/ECF systems which will send a notice of electronic filing to the following:

Michael T. Yonke
Charles R.C. Regan
Yonke Law, LLC
1111 Main Street, Suite 700
Kansas City, MO 64105
Attorneys for Plaintiff

s/Shane C. Hamman
Attorneys for Defendant
NPC International, Inc.

00715013.WPD

7