# UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| RANDAL L. LESPAGNARD, <br> *Plaintiff* <br> v. <br> NPC INTERNATIONAL, INC., d/b/a PIZZA HUT #4706, <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 4:17-cv-00851-ODS |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Records Custodian for Ability KC (f/k/a The Rehabilitation Institute of Kansas City)
3011 Baltimore Avenue, Kansas City, MO 64108

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached sheet. **Instead of appearing for a deposition, it is sufficient compliance to provide the requested documents via affidavit in lieu of a deposition.

| Place: Slagle, Bernard & Gorman, P.C. <br> 4600 Madison Avenue, Suite 600 <br> Kansas City, MO 64112 | Date and Time: <br><br> 02/05/2018 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 1/19/18

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Defendant NPC International, Inc.                                  , who issues or requests this subpoena, are:

Shane Hamman, MO Bar #62341, Slagle, Bernard & Gorman, P.C., 4600 Madison Ave., Ste. 600, Kansas City, MO 64112; 816-410-4600; shamman@sbg-law.com

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 4:17-cv-00851-ODS

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

TO: Records Custodian for Ability KC (f/k/a The Rehabilitation Institute of Kansas City)
3011 Baltimore Ave.
Kansas City, MO 64108

Records Custodian is asked to bring the following records:

1. The employment file of former employee Randal L. Lespagnard (DOB: xx/xx/1961; SSN: xxx-xx-3070).

2. Any other records or documents in any way specifically relating to former employee Randal L. Lespagnard, including, but not limited to, payroll records, job titles, duties and responsibilities and reviews, in possession of Ability KC from the time period of 2011 to 2016.

3. Any and all contracts or agreements between Ability KC and/or The Rehabilitation Institute of Kansas City or any of its other prior entities or names entered into with Pizza Hut and/or NPC International, including, but not limited to, those contracts or agreements regarding the provision of a job coach or other services for Ability KC client, Christie Martin.

4. Any and all correspondence or communication of any sort regarding contracts or agreements between Ability KC and/or The Rehabilitation Institute of Kansas City or any of its other prior entities or names entered into with Pizza Hut and/or NPC International, including, but not limited to, those contracts or agreements regarding the provision of a job coach or other services for Ability KC client, Christie Martin.

5. Any and all correspondence or communication of any sort between Ability KC or any of its prior entities or names and Pizza Hut or NPC International in the past ten (10) years.

6. Any and all grants, contracts, agreements or other documentation with any agency, public or private, underwriting or otherwise providing financial resources or support for the provision of job coaches to clients of Ability KC and/or The Rehabilitation Institute of Kansas City or any of its other prior entities or names during 2015.

7. A copy of any and all insurance policies that may provide coverage for the acts or omissions of Ability KC and/or The Rehabilitation Institute of Kansas City or any of its other prior entities or names for 2015.

Additional Attorneys:

    Michael T. Yonke
    Charles R.C. Regan
    Yonke Law, LLC
    1111 Main Street, Suite 700
    Kansas City, MO 64105
    Attorneys for plaintiff
    myonke@yonke-law.com
    cregan@yonke-law.com
    816-221-6400; Fax 816-888-5188
    Attorneys for Plaintiff Randal Lespagnard


    Stanley N. Wilkins
    Stephen P. Horn
    Shane Hamman
    Slagle, Bernard & Gorman, P.C.
    4600 Madison Ave., Suite 600
    Kansas City, MO 64112-3031
    (816) 410-4600; Fax (816) 561-4498
    swilkins@sbg-law.com
    shorn@sbg-law.com
    shamman@sbg-law.com
    Attorneys for Defendant,
    NPC International, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RANDAL L. LESPAGNARD, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) Case No. 4:17-cv-00851-ODS |
| NPC INTERNATIONAL, INC., d/b/a PIZZA HUT #4706, | ) ) ) ) ) |
| Defendants. | ) |

## AFFIDAVIT

STATE OF _____ )
                                         ) ss
COUNTY OF _____ )

    Before me, the undersigned authority, personally appeared _____,
who being by me duly sworn, deposed as follows:

    My name is _____. I am of sound mind, capable of making this affidavit and personally acquainted with the facts herein stated:

    I am the custodian of the records of Ability KC (f/k/a The Rehabilitation Institute of Kansas City).

    Attached hereto are _____ pages of records from Ability KC (f/k/a The Rehabilitation Institute of Kansas City). These _____ pages of records are kept by Ability KC (f/k/a The Rehabilitation Institute of Kansas City) in the regular course of business, and it was the regular course of business of Ability KC (f/k/a The Rehabilitation Institute of Kansas City) for an employee or representative of Ability KC (f/k/a The Rehabilitation Institute of Kansas City) with

00718282.WPD

knowledge of the act, event, condition, opinion or diagnosis recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time of the act, event, condition, opinion or diagnosis. The records attached hereto are the originals or exact duplicates of the original.

Further, affiant sayeth naught.

_____
Affiant

In witness whereof, I have hereunto subscribed my name and affixed my official seal this _____ day of _____, 20____.

_____
Notary Public

My Commission Expires:

_____

Case 4:17-cv-00851-ODS   Document 17-1   Filed 01/19/18   Page 7 of 7